## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

KENDALL NORRIS MCKINNEY,

Defendant.

) CRIMINAL CASE NO. CF28-14
)
)
) DECISION AND ORDER
)
) **Defendant's Motion to Dismiss**
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 13, 2014 on Defendant's Motion to Dismiss the Indictment. Attorney Joaquin C. Arriola, Jr. appeared for and with the Defendant. Assistant Attorney General Richelle J. Yu appeared on behalf of the People of Guam. Upon review of the written arguments and legal authorities presented by the parties, the Court issues its Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill against the Defendant on January 17, 2014. Defendant is charged with Second Degree Robbery (as a 2nd Degree Felony) with Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony. *See Indictment* (Jan. 17, 2014). The indictment alleges that "[o]n or about the 21st day

of August 2013, in Guam, [Defendant] did commit the offense of *Second Degree Robbery*, in that he intentionally armed with or displayed what appeared to be a deadly weapon while in the course of committing theft of property against *Romeo and Aurora Reyes*." *Id.* The Special Allegation charge reads: "On or about the 21st day of August 2013, in Guam, [Defendant] did knowingly and unlawfully possess and use a deadly weapon, that is, a *hand gun*, in the commission of a felony, that is, *Second Degree Robbery*." *Id.*

On January 22, 2014, Defendant was arraigned and entered a plea of not guilty. Defendant now files a Motion to Dismiss the instant case. *Mot. to Dismiss* (Sep. 24, 2014). The People filed their opposition on September 30, 2014, and Defendant filed his reply on October 9, 2014. The Court heard oral arguments on October 13, 2014, and now issues its Decision.

## DISCUSSION

Defendant moves the Court to dismiss the instant because "it violates the double jeopardy clause of the Organic Act of Guam, as well as the Speedy Trial and Arraignment Rights." *Def's. Mot. to Dismiss* at 1 (Sep. 24, 2014). Defendant argues that "[t]he Indictment is barred by collateral estoppel and double jeopardy. *Id.* at 2. Specifically, Defendant contends that "[t]he crimes charged in CF535-13 (which has already gone to trial) and CF 0028-14 are sufficiently similar to invoke the doctrine of collateral estoppel. Based in part on evidence the Defendant obtained possession of the vehicle either by burglary or robbery, the jury convicted him of Theft by Receiving." *Id.* at 5. Additionally, Defendant argues that "[t]he crimes charged herein were clearly known to the Government at the time it brought Defendant to trial in CF535-14[1]." *Id.*

---

[1] The Court notes that the correct case number should be CF535-13.

The People oppose Defendant's motion and argue that the "Indictment in CF0028-14 does not constitute double jeopardy." *Opp'n Mot.* at 1 (Sep. 30, 2014). The People argue that "trying Defendant on the charge of Robbery in the Indictment obtained on CF0028-14 would not constitute Double Jeopardy because: (1) this crime was not based on the same conduct and did not arise from the same criminal episode; (2) Defendant could not have been convicted of robbery in the first prosecution; and (3) the People did not violate 8 GCA § 65.30(b) when it chose not to prosecute Defendant for the robbery in the earlier trial. *Id.* at 3. As a result, the People contend that "the issue of whether or not Defendant committed a robbery on August 21, 2013 has not been litigated and there has been no valid and final judgment on it." *Id.*

**Collateral Estoppel**

The Court will first address the issue of collateral estoppel raised by Defendant. "The application of collateral estoppel to criminal cases [is] an embodiment of the Fifth Amendment Double Jeopardy Clause." *People v. San Nicolas*, 1999 Guam 19 ¶ 12 (citing *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195 (1970)). "Collateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* (quoting *Ashe v. Swensen*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194 (1970)). Whether the doctrine of collateral estoppel applies is determined by a three part test:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;
(2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and
(3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*People v. Angoco*, 2004 Guam 11 ¶ 10.

In applying the first element as announced in the test above, the Court notes that in CF535-13, Defendant was charged in a Superseding Indictment with the following: (1) Burglary (as a 2nd Degree Felony); (2) Theft of Property (as a 2nd Degree Felony); and (3) 2 counts of Theft by Receiving (as a 2nd Degree Felony). The first and second charge alleged an offense occurring or about July 21, 2013. Charge Three, Count One alleged an offense that occurred on or about August 29, 2013, and Charge Three, Count Two alleged an offense that occurred on or about September 11, 2013. *See Superseding Indictment CF: 535-13* (Nov. 14, 2013). With the case at bar, CF 28-14, Defendant is charged with Second Degree Robbery (as a 2nd Degree Felony) and a Special Allegation charge of Possession and Use of a Deadly Weapon in the Commission of a Felony. The charge in the instant case alleges that on or about August 21, 2013, Defendant committed the offense of Second Degree Robbery, in that he intentionally armed with or displayed what appeared to be a deadly weapon while in the course of committing theft of property against Romeo and Aurora Reyes. In the Court's review, the victims are the same in both cases. The only difference is the date the alleged offense occurred. However, the Court finds that the time-frame involved in CF535-13 is from July 21, 2013 through September 11, 2013. The date in the instant case falls in between. Accordingly, aside from a different date, the Court finds the issues sufficiently similar and sufficiently material to justify invoking the doctrine. The offenses are all based on one police report as well.

As to the second element of the test, the Court in examining the record is to decide whether or not the issue was litigated in the first case. In CF535-13, Defendant was convicted of Burglary (as a 2nd Degree Felony); a lesser included offense of Theft of Property (as a 3rd Degree Felony); and one count of Theft by Receiving (as a 2nd Degree Felony). Again, the offenses involve the same victim and arise out of the ultimate theft of property belonging to said

victims. In the instant case, the robbery is the precursor to the ultimate theft of property charge against Defendant. Therefore, the Court finds that while not charged with Robbery in the first case, the issue was litigated and necessarily decided in the first case, which satisfies the second and third elements of the test.

**Joinder**

Next, the Court recognizes that joinder of offenses is encouraged. Guam law provides:

(a) The Court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

(b) Except as otherwise provided by § 65.35, a defendant shall not be subject to *separate trials for multiple offenses based on the same conduct or arising from the same criminal episode*, if such offenses are known to the prosecuting attorney at the time of the commencement of the trial.

8 GCA § 65.30 (2005) (emphasis added).

On the basis of the joinder statute, the Court examines the meaning of "same criminal episode." States have adopted the standard of "same transaction" as a matter of local law. "Compulsory joinder of offenses which share a proximity in time, place and circumstances would not only protect the defendant from successive prosecutions based on the same conduct or episode, but it would also save the defendant and the [prosecution] time and money[.]" *State v. Carroll*, 627 P.2d 776, 780 (Haw. 1981). Moreover, offenses are part of the same criminal episode if the conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge. *See State v. Akau*, 185 P.3d 229 (Haw. 2008). In the present case, the theft of property charges against Defendant is closely related to the robbery charge. The place, circumstances, and nature of the case involving the same victims, leads the Court to find that there was a substantial factual nexus existing

between the two cases. For these reasons, the Court finds that collateral estopel and 8 GCA § 65.30 bars the prosecution in CF28-14. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

The Court does not find a need to analyze the other Double Jeopardy and Speedy Trial/ Arraignment Rights issues brought forth by Defendant.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**SO ORDERED** this _21_ day of NOVEMBER, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of

_AG's Arriola/DMR_

Date: _11/24/14_ Time: _12:30p_

Deputy Clerk, Superior Court of Guam